

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. V. G. Marshall, Chairman
State Soil Conservation Board
Professional Building
Temple, Texas

Dear Sir:

Opinion No. O-1353
Re: Soil Conservation District
elections.

Your request for an opinion on the questions as are herein set out has been received by this department.

Your questions are as follows:

"(1) Will husband and wife who own a farm be permitted to vote?

"(2) Would a land owner living in the incorporated cities and towns be permitted to vote who owned land outside the corporation and within a district?

"(3) Should an election be ordered by the Board in a proposed district who will be eligible to vote in such an election?

"(4) Should incorporated cities and towns be included as a part of a district?

"(5) Would the State Board be permitted under the law to post notices of an election or of public hearings rather than to publish same where there is a newspaper circulated within the territory?

"(6) Should appropriations for posting notices or holding elections be exhausted would there be any means by which the Board might continue holding elections and posting

Hon. V. C. Marshall, Page 2

notices?

"(7) When certain funds appropriated
for carrying out the law are exhausted
how may the Board operate to carry out the
law as is provided in setting up districts
and to assist in the operation of districts?

"(8) How may the board assemble infor-
mation that will enable judges at an elec-
tion to determine who is qualified to vote,
when such information is made available to
the judges at such election?"

Article 165a-4, Acts of the 46th Legislature,
known and cited as the State Soil Conservation Law reads
in part as follows:

"Definitions

"Sec. 3. Wherever used of referred to
in this Act, unless a different meaning
clearly appears from the context:

"....

"(12) 'Landowner' or 'Owner of Land
(Lying Outside of Incorporated Cities) and
Towns' includes any person who holds legal
or equitable title of any lands lying with-
in a Soil Conservation District organized
under the provisions of this Act and who
is a duly qualified voter within such dis-
trict.

"....

"(14) 'Due Notice' means notice pub-
lished at least twice, with an interval of
at least seven (7) days between the two (2)
publications dates, in a newspaper or other
publication of general circulation within
the appropriate area, or if no such publica-
tion of general circulation be available,
by posting at a reasonable number of conspicuous

Hon. V. C. Marshall, Page 3

places within the appropriate area, such
posting to include, where possible, post-
ing at public places where it may be cus-
tomary to post notices concerning county
or municipal affairs, generally. At any
hearing held pursuant to such notice, at
the time and place designated in such notice,
adjournment may be made from time to time
without the necessity of renewing such
notice for such adjourned dates."

Section 5 of the Act relative to the creation
of soil conservation districts reads in part as follows:

".........All landowners within the
boundaries of the territory as determined
by the State Soil Conservation Board, shall
be eligible to vote in such election. Only
such landowners shall be eligible to vote.

"D. The Board shall pay all expenses
for the issuance of such notices and the
conduct of such hearings and elections, and
shall supervise the conduct of such hearings
and elections. It shall issue appropriate
regulations governing the conduct of such
hearings and elections, and providing for
the registration prior to the date of the
election of all eligible voters. All such
elections held under the provisions of this
Act shall be in conformity with the General
Election laws of this State, except as here-
in otherwise provided, and except that the
ballot shall not be numbered or marked for
identification purposes.

"E. The Board shall publish the result
of such election and shall thereafter consi-
der and determine whether the operation of the
district within the defined boundaries is ad-
ministratively practicable and feasible. If
the Board shall determine that the operation

Hon. V. C. Marshall, Page 4

of such district is not administratively practicable and feasible, it shall record such determination and deny the petition. If the Board shall determine that the operation of such district is administratively practicable and feasible, it shall record such determination and shall proceed with the organization of the district in the manner hereinafter provided. In making such determination the Board shall give due regard to and weight to the attitudes of the owners of lands lying within the defined boundaries, the number of resident landowners eligible to vote in such election who shall have voted, the proportion of the votes cast in such election in favor of the creation of the district to the total number of votes cast, the approximate wealth and income of the landowners of the proposed district, the probably expense of carrying on erosion-control operations within such district, and such other economic and social factors as may be relevant to such determinations, having due regard to the legislative determinations set forth in Section 2 of this Act, provided, however, that the Board shall not have authority to determine that the operation of the proposed district within the defined boundaries is administratively practicable and feasible unless at least two-thirds of the votes cast in the election upon the proposition of creating of the district shall have been cast in favor of the creation of such district."

Paragraph H of Section 4 of the Act provides that:

"The State Treasurer shall have the care and custody of all funds and securities of the State Board and shall be liable on his official bond for the lawful care, custody, application and disbursement thereof. Any funds coming into the hands of the Treasurer of this State, as hereinafter provided, shall be by him credited to a special fund to be known as the State Soil

Hon. V. C. Marshall, Page 5

> Conservation Fund and the moneys hereafter
> deposited or credited in such fund are hereby
> appropriated to the use and benefit of the
> State Soil Conservation Board, as may be by
> said Board used in compliance with this Act.
> The Board shall provide and furnish a bienniel
> audit byna State Auditor and Efficienby Expert
> and a report to the Governor of the State."

The appropriation for the use of the State Soil
Conservation Board in the administration of the Texas Soil
Conservation Law is provided therein. The General Depart-
mental Appropriation Bill of the 46th Legislature, Senate
Bill No. 427, does not include the State Soil Conservation
Board among the state departments and agencies it covers.

Section 14 of the Texas Soil Conservation Law
calls for the appropriation of the sum of Ten Thousand
($10,000) Dollars for the purpose of creating and maintain-
ing the State Soil Conservation Board until August 31, 1939.
The purposes for which this sum may be expended are not
itemized.

Section 14a provides for the appropriation of
several sums for the two year period beginning September
1, 1939 and ending August 1, 1941. A specific sum is
designated in each instance along with the purpose or
purposes for which it may be expended. Under the head-
ing "Expenses of District Organization, Hearings, Referenda
and Supervision" the sum of Six Hundred ($600) Dollars
for the year ending August 31, 1940, and the sum of Four
Hundred ($400) Dollars for the year ending August 31, 1941
are earmarked for publication of notices. Likewise, a sum
of Six Hundred ($600) Dollars for the year ending August
31, 1940 and the sum of Four Hundred ($400) Dollars for
the year ending August 31, 1941, are earmarked for publica-
tion of results. Also, a sum of Twenty-one Hundred and
Sixty (2,160) Dollars for the year ending August 31, 1940
and the sum of Fourteen Hundred and Forty ($1,440) Dollars
for the year ending August 31, 1941, are earmarked for elec-
tion of District Supervisors and a sum of Six Hundred ($600)
Dollars for the year ending August 31, 1940, and Four Hun-
dred ($400) Dollars for the year ending August 31, 1941
are earmarked for publication of results and One Hundred and
Twenty ($120) Dollars for the year ending August 31, 1940

Hon. V. C. Marshall, Page 6

and the sum of One Hundred and Eighty ($180) Dollars for the year ending August 31, 1981 are earmarked for publication of hearing notices.

It is, of course, elementary law that money appropriated by the Legislature cannot be used for any other purpose than that specified in the appropriation bill without constituting a misapplication of public funds.

We quote from conference opinion rendered by the Attorney General's Department August 18, 1921, as follows:

"It is the law of the state that no part of the money appropriated by the Legislature can be used for any purpose other than the specific purpose named in the appropriation bill. An expenditure for a purpose other than the one for which the money was appropriated would be a misapplication of public funds. The Comptroller would not be authorized to draw its warrants on any funds or for any purpose except the purpose named in the Act, and the Treasurer would be without authority to honor a warrant on any fund for any purpose except that named in the appropriation bill."

This principle applies to all the several sums of money set forth in Section 14a and their respective purposes. In other words, money appropriated for one purpose cannot be used for another purpose even if there happens to be a surplus in the former and a shortage in the latter fund.

Regarding the method of selection, qualification and tenure of Soil Conservation District Supervisors the Act provides:

"All landowners within the district shall be eligible to vote in such election. Only such landowners shall be eligible to vote. The three (3) candidates who shall receive the largest number, respectively, of the votes cast in such election shall be the elected Supervisors for such district. The Board shall pay all the expenses of such election, shall supervise the conduct thereof in conformity with the General Election laws of this State, except as hereints otherwise provided, and except that the ballots

Hon. V. C. Marshall, Page 7

shall not be numbered or marked for identifi-
cation purposes; shall prescribe regulations
governing the conduct of such election and the
determination of the eligibility of voters
therein, and shall publish the results thereof."

Regarding the adoption of land-use regulations
the statute provides:

"The Supervisors shall not have authority
to enact such land-use regulations into law
until after they shall have caused due notice
to be given of their intention to conduct an
election for submission of such regulations to
the landowners within the boundaries of the
district for their indications of approval or
disapproval of such proposed regulations, and
until after the Supervisors have considered
the result of such election.... All landowners
within the district shall be eligible to vote
in conformity with the General Election Laws
of this State, except as herein otherwise pro-
vided, and except that the ballot shall not be
numbered or marked for identification purposes.
...."

By virtue of the foregoing statute, you are re-
spectfully advised that it is the opinion of this depart-
ment that your questions should be answered as follows:

1. When a man and his wife own a farm within the
boundaries of the territory as determined by the State Soil
Conservation Board and reside within such territory, both
the husband and wife shall be entitled to vote in the elec-
tions held under the Act, provided they are otherwise quali-
fied under the Constitution and laws of this State.

2. A landowner living in the incorporated cities
or towns who owns lands outside the corporate limits of
such city or town within the boundaries of the territory
as determined by the State Soil Conservation Board would
not be permitted to vote in the elections held under the
Act.

3. When an election is ordered by the Board in a

Hon. V. C. Marshall, Page 8

proposed district all landowners within the boundaries of territory as determined by the State Soil Conservation Board shall be eligible to vote in such elections and only such landowners shall be eligible to vote, provided they are otherwise qualified under the Constitution and laws of this State.

4. Incorporated cities and towns should not be included as a part of a district.

5. The State Board would not be permitted under the law to post notices of an election or public hearings rather than to publish such notices where there is a newspaper or other publication of general circulation within the appropriate area or territory, in compliance with Art. 29a, R. C. S.

6. When appropriations for posting notices or holding elections are exhausted the Act provides no other means by which the Board may continue holding such elections and posting notices and pay for the same until there is an appropriation by the Legislature for such purposes.

7. The Act contains no provision authorizing the Board in setting up districts and assisting in the operation of districts when funds appropriated for these specific purposes are exhausted.

8. The statute provides that the Board shall prescribe regulations governing the conduct of elections and the determination of eligibility of voters therein. The Act prescribes no manner by which the Board may assemble information that will enable judges at an election to determine who is qualified to vote. This matter is within the discretion of the Board.

Trusting that we have fully answered your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell William*

Ardell Williams
Assistant

APPROVED SEP 30, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

AW:AW

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN